UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 03-10379 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-02-00554-SOM |
| v. | |
| HERCULES POTOY BOCTOT, | **JUDGMENT** |
| Defendant - Appellant. | |

FILED IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 0 8 2005

at 4 o'clock and 25 min __ M
SUE BEITIA, CLERK

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **REMANDED**.

Filed and entered 07/14/05

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG - 5 2005

by: _____
   Deputy Clerk

**FILED**

**NOT FOR PUBLICATION**

**JUL 14 2005**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 03-10379 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-02-00554-SOM |
| v. | |
| HERCULES POTOY BOCTOT, | **ORDER and MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted February 4, 2004[**]
Resubmitted January 12, 2005

Before: **SKOPIL, BOOCHEVER, and LEAVY**, Circuit Judges.

Hercules Potoy Boctot appeals his sentence, arguing the district court failed to make findings required by United States v. Dunnigan, 507 U.S. 87 (1993), when it adjusted his sentence for obstruction of justice under U.S.S.G. § 3C1.1. We

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

deferred our decision pending <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). <u>Booker</u> requires that we remand to the district court for further proceedings. <u>See</u> <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005).

To the extent <u>Dunnigan</u> applies after <u>Booker</u>, 125 S. Ct. at 753 (noting "while the reach of <u>Dunnigan</u> may be limited, we need not overrule it"), we conclude the district court's findings satisfied <u>Dunnigan</u>. The district court explained that the jury's decision to acquit Boctot on count two did not indicate his testimony was not false. Rather, the court noted "the jury necessarily had to reject Mr. Boctot's version of what had happened because the jury, consistent with the jury instructions, had to find that Mr. Boctot did act with intent, and I don't think that can be squared with Mr. Boctot's testimony." The court also found Boctot falsely testified that "he had no recollection of making a statement to law enforcement" and that "he couldn't recall ever having met Agent Arnold." These findings are amply supported by the record and are sufficient to meet the district court's obligation under <u>Dunnigan</u>.

Boctot nonetheless argues the district court was required to make express findings on the two other elements of perjury – materiality and willfulness. Boctot did not object, however, to the PSR's findings on those elements. In similar circumstances, we have limited our review to the element actually challenged. <u>See</u>

2

United States v. Rojas-Millan, 234 F.3d 464, 471 (9th Cir. 2000), (holding the "district court's finding of materiality was sufficient to meet the court's obligation under Dunnigan with regard to the only objection raised against the obstruction of justice enhancement"); see also Dunnigan, 507 U.S. at 98 (noting "[w]hen contested, the elements of perjury must be found by the district court") (emphasis added). Nonetheless, assuming Dunnigan requires findings on all three elements of perjury whenever there is an objection to the obstruction of justice adjustment, we conclude the district court satisfied that requirement by adopting the PSR's findings on materiality and willfulness.

We reject Boctot's contention that a district court is not permitted to adopt the PSR to satisfy Dunnigan. We have reviewed the findings of an adopted PSR for compliance with Dunnigan. See United States v. Weitzenhoff, 35 F.3d 1275, 1292 (9th Cir. 1993). Our practice is consistent with other circuits holding that Dunnigan's requirements are satisfied through express adoption of the PSR where the PSR contains all of the factual predicates supporting a finding of perjury. See United States v. Johns, 324 F.3d 94, 98 (2d Cir. 2003); United States v. Robinson, 217 F.3d 560, 565 (8th Cir. 2000); United States v. Haas, 171 F.3d 259, 268 (5th Cir. 1999); United States v. Denetclaw, 96 F.3d 454, 459 (10th Cir. 1996); United States v. Girardi, 62 F.3d 943, 947 (7th Cir. 1995); United States v. Sobin, 56 F.3d

3

1423, 1428-29 (D.C. Cir. 1995). Moreover, we have frequently stated in other contexts that a district court may make required findings by adopting the PSR. See United States v. Williams, 41 F.3d 496, 499 (9th Cir. 1994); United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir. 1990); United States v. Corley, 909 F.2d 359, 362 (9th Cir. 1990).

We do not agree with Boctot that United States v. Monzon-Valenzuela, 186 F.3d 1181 (9th Cir. 1999), precludes us from looking to an adopted PSR for compliance with Dunnigan. There, we refused to look to the rationale offered by the PSR when the court made an independent finding on a contested element of perjury. Monzon-Valenzuela, 186 F.3d at 1184. We stated that although the PSR's finding "may ultimately prove justified by the record, . . . "Dunnigan does not permit the judge to delegate to the presentence report writer the judicial fact finding function." Id. We said that because the district court, in response to an objection, made its own finding on the element of falsity, and we were obligated to review that finding rather than the rationale offered by the presentence report. Here, Boctot did not object to the PSR's findings on materiality or willfulness and the district court accordingly was not required to make findings on those elements other than to adopt the PSR.

## CONCLUSION

To the extent <u>Dunnigan</u> applies after <u>Booker</u>, we conclude no error occurred. Boctot is nonetheless entitled to a remand, pursuant to <u>Ameline</u>, for further proceedings consistent with that decision. **This case is resubmitted as of January 12, 2005.**

**REMANDED.**